UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL J. STUART,

                Plaintiff,

        -against-

PAMELA L. STUART, Estate of ELIZABETH M.
STUART,

                Defendants.
-----------------------------------------------------------X

**ORDER**

**13-CV-362 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On January 16, 2013, pro se Plaintiff Michael J. Stuart brought this action against his niece, Pamela L. Stuart, and the estate of his sister-in-law, Elizabeth M. Stuart, alleging unjust enrichment and breach of fiduciary duty relating to the administration of the estate of Lucille Benjamin Stuart, Plaintiff's mother. (See Compl. (Dkt. 1).) Plaintiff also moved to proceed in forma pauperis ("IFP"). (Mot. for IFP (Dkt. 2).) On February 1, 2013, he moved to consolidate this case with an action pending in the District Court for the Southern District of New York. (Mot. to Consolidate (Dkt. 4).) For the reasons set forth below, Plaintiff's motion to proceed IFP is GRANTED, his motion to consolidate is DENIED, and his Complaint is DISMISSED for lack of jurisdiction.

In his Complaint, Plaintiff alleges that his brother Clarence L. Stuart and Clarence's family (including Defendants) committed several acts of malfeasance relating to the distribution of Plaintiff's mother's estate. (See Compl.) On October 11, 2012, the court dismissed for lack of jurisdiction a substantially identical Complaint filed by Plaintiff. See Oct. 11, 2012, Order, Stuart v. Stuart, et al., No. 12-CV-1595 (NGG) (LB), Dkt. 16. The court concluded that it lacked jurisdiction because "the probate exception [to federal court subject matter jurisdiction] reserves

1

to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Id. (citing Marshall v. Marshall, 547 U.S. 293, 311 (2006).

Indeed, the court lacks subject-matter jurisdiction over any determination of the rights of distribution of an estate. See, e.g., Lefkowitz v. Bank of New York, 528 F.3d 102, 107 (2d Cir. 2007) (federal court properly dismissed claims under the probate exception where plaintiff sought "to mask in claims for federal relief her complaints about the administration of her parent's estates, which have been proceeding in probate courts"). Accordingly, the court lacks subject matter jurisdiction over Plaintiff's Complaint, just as it did the last time Plaintiff filed the same claims.

When a plaintiff proceeds IFP, a district court must dismiss all claims that clearly fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999), and "[w]here jurisdiction is lacking, . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3). Therefore, because the court does not have subject matter jurisdiction over Plaintiff's Complaint, it must be dismissed.

Accordingly, Plaintiff's application to proceed IFP is GRANTED, his motion to consolidate is DENIED, and his Complaint is DISMISSED for lack of jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, Plaintiff is denied IFP status for any appeal from this Order. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close the case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
April ⊥, 2013

s/Nicholas G. Garaufis
/NICHOLAS G. GARAUFIS
United States District Judge